IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HILL,<br><br>        Plaintiff,<br><br>    v.<br><br>COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, L.L.C.; and DOES 1 through 10, inclusive,<br><br>        Defendants. | 2:13-cv-00281-GEB-JFM<br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |

        The February 14, 2013 Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on April 29, 2013, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The February 14th Order further required that a status report be filed regardless of whether a joint report could be procured. No joint status report was filed; only Defendants filed a Status Report in which they state: "[Defendants] endeavored to meet and confer with Plaintiff to file a joint status report, but Plaintiff's counsel refused to participate, based on the fact that Plaintiff has a pending motion to remand set for hearing on April 22, 2013." (Defs.' Status Report 1:22-24, ECF No. 10.)

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than April 29, 2013, why sanctions should

1

not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or his counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on June 10, 2013, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated:  April 18, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2