IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HILL,<br><br>           Plaintiff,<br><br>    v.<br><br>COMCAST CORPORATION, a Pennsylvania corporation; COMCAST CABLE COMMUNICATIONS, L.L.C., a Deleware limited liability company; and Does 1 through 10, inclusive,<br><br>           Defendants. | 2:13-cv-00281-GEB-JFM<br><br>ORDER DENYING REMAND MOTION AND REQUEST FOR COSTS AND EXPENSES |

        Plaintiff moves for an order remanding this case to the state court from which it was removed, arguing that removal was "untimely pursuant to 28 U.S.C. §1446(b)'s strict 30 day time limit." (Notice Mot. & Mot. Remand & Req. Just Costs & Actual Expenses ("Mot.") 1:24–26, ECF No. 5.) Specifically, Plaintiff argues COMCAST's removal, which is based on diversity of jurisdiction, is premised on COMCAST's erroneous assertion that it "did not know until Plaintiff served discovery responses in February of 2013 that the amount in controversy exceeded $75,000.00." (Id. at 2:11-12) Plaintiff argues this "premise is demonstrably wrong [since] COMCAST's counsel proposed a mediation bracket of $35,000 to $300,000 after the filing of the complaint in this matter and months before filing the notice of removal on February 14, 2013." (Id. at 2:11-12.)

Defendants counter "there was nothing on the face of the Complaint revealing that the amount in controversy exceeds $75,000." (Def.'s Opp'n Pl.'s Mot. Remand 4:27-28, ECF No. 8.) Further, Defendants argue "the Ninth Circuit has made clear that . . . communications occurring prior to the [service] of the [complaint] do not start the removal clock running, nor can they be deemed to start the removal clock when the complaint is later . . . served." (Id. at 6:2-5 (citing Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 879, 885-86 (9th Cir. 2010)).) Further, Defendants assert they timely filed for removal within thirty days after they received Plaintiff's response to their discovery request, in which Plaintiff admitted he seeks damages in excess of $75,000.

28 U.S.C. § 1446(b)(1) prescribes: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3) (emphasis added). "[S]ection 1446(b) identifies two thirty-day periods for removing a case. The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.' The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an

amended pleading, motion, order or other paper' from which removability may first be ascertained." <u>Carvalho</u>, 629 F.3d at 885.

Here, Plaintiff's complaint did not state a specific dollar amount in damages sought. (Notice Removal, Ex. A, at 10-1, ECF No. 1.) Accordingly, removability was not ascertainable "through examination of the four corners of the applicable pleadings." <u>Harris v. Bankers Life and Cas. Co.</u>, 425 F.3d 689, 694 (9th Cir. 2005); <u>accord</u> Pl.'s Reply Supp. Mot. Remand 3:6-7 (acknowledging "the amount in controversy is not apparent from the face of the complaint".) Further, Defendants' proposed settlement range for the planned mediation and Plaintiff's rejection thereof is irrelevant since "notice of removability is [not] determined . . . through subjective knowledge." <u>Id.</u> The issue, therefore, is whether Plaintiff's demand letter and Plaintiff's rejection of Defendants' proposed range constitute "other paper[s]" under § 1446(b)(3) "from which [Defendant] may first . . . ascertain that the case is one which is . . . removable." However, since Plaintiff's demand letter and rejection were "received prior to receipt of the initial pleading," they "cannot trigger the second thirty-day removal period." <u>Carvalho</u>, 629 F.3d at 886.

Therefore, the removal period was not triggered until Defendants received Plaintiff's discovery response admitting he seeks more than $75,000, and Defendants' notice of removal was timely.

For the stated reasons, Plaintiff's motion (ECF No. 5) is denied.

Dated:  April 24, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge