IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY HILL,                          )
                                       )    2:13-cv-00281-GEB-JFM
                  Plaintiff,           )
                                       )
            v.                         )    STATUS (PRETRIAL SCHEDULING)
                                       )    ORDER
COMCAST CORPORATION; COMCAST           )
CABLE COMMUNICATIONS, L.L.C.;          )
and DOES 1 through 10,                 )
inclusive,                             )
                                       )
                  Defendants.          )
_____       )

The status (pretrial scheduling) conference scheduled for hearing on June 10, 2013, is vacated since the parties' Joint Status Report filed on May 28, 2013 ("JSR") indicates the following Order should issue.

DOE DEFENDANTS, SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

Plaintiff states in the JSR that he "intends to seek leave to amend the Complaint to add Comcast's short-term disability plan administrator, Liberty Mutual, as a defendant," and that he "intends to seek leave to amend the Complaint to add an ERISA cause of action for wrongful denial of short-term disability benefits." (JSR 2:4-9.) Plaintiff further states that he "will have any motion for leave to amend on file by June 30, 2013." (Id. at 2:9-10.)

Therefore, Plaintiff has until July 1, 2013, to file a motion in which leave is sought to file the referenced amendments, after which time no further service, joinder of parties, or amendments to the

pleadings is permitted, except with leave of Court for good cause shown. The referenced motion(s) must be noticed for hearing on the Court's earliest available law and motion date.

If leave is not sought as stated, Does 1 through 10 will be automatically dismissed from this action.

ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER

If Plaintiff successfully amends the Complaint to name Liberty Mutual as a defendant, a copy of this Order shall be served on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order." Although a newly-joined party's proposed modification filed within this thirty day period will not have to meet the good cause standard, no further amendments will be permitted, except with leave of Court for good cause shown.

DISCOVERY

All discovery shall be completed by June 25, 2014. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before January 24, 2014, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before February 24, 2014.

MOTION HEARING SCHEDULE

The last hearing date for a motion is August 25, 2014, commencing at 9:00 a.m.[1] A motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for October 27, 2014, at 2:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that **non-trial worthy issues could be eliminated *sua sponte*** "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference. The joint pretrial statement shall address the applicable portions of Local Rule 281(b), and shall set forth each theory of liability ("claim") and affirmative defense which remains to be tried, and the ultimate facts on which each theory/defense is based. Furthermore, each party shall estimate the length of trial.[2] The Court uses the parties' joint pretrial

---

[1] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

[2] If a trial by jury has been preserved, the joint pretrial
(continued...)

1 | statement to prepare its final pretrial order and could issue the final
2 | pretrial order without holding the scheduled final pretrial conference.
3 | See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999)("There is no
4 | requirement that the court hold a pretrial conference.").

5 |      If feasible, at the time of filing the joint pretrial
6 | statement counsel shall also email it in a format compatible with
7 | WordPerfect to: geborders@caed.uscourts.gov.

8 | <u>TRIAL SETTING</u>

9 |      Trial shall commence at 9:00 a.m. on January 21, 2015.

10 |      IT IS SO ORDERED.

11 | Dated:  May 31, 2013

13 | _____
     GARLAND E. BURRELL, JR.
14 |      Senior United States District Judge

27 |

    [2](...continued)
28 | statement shall also state how much time each party desires for voir
dire, opening statements, and closing arguments.