IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY HILL, | ) | |
| | ) | 2:13-cv-00281-GEB-JFM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING MOTION TO |
| | ) | AMEND |
| COMCAST CORPORATION; COMCAST | ) | |
| CABLE COMMUNICATIONS, L.L.C.; | ) | |
| and DOE 1,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

     Plaintiff seeks leave to amend following the issuance of a scheduling order under Federal Rule of Civil Procedure ("Rule") 16. Part of Plaintiff's proposed amendment is governed by the more lenient Rule 15(a)(2) amendment standard since it is expressly authorized by the scheduling order; part of Plaintiff's proposed amendment is governed by the more stringent Rule 16(b)(4) amendment standard, which requires Plaintiff to first seek to amend the portion of the scheduling order restricting "further . . . amendments." Neither party has pointedly

---

    * The caption has been changed to reflect the automatic dismissal of Does 2 through 10, in accordance with the Status (Pretrial Scheduling) Order. (See Status (Pretrial Scheduling) Order, ECF No. 17, 2:4—5.)

discussed the need to amend that provision of the scheduling order. But in light of the close proximity between the issuance of the scheduling order and Plaintiff's request for amendment, and the failure of each party to adequately address the Rule 16(b)(4) "good cause" standard explained in the Ninth Circuit's decision in <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir. 1992), that standard will neither be analyzed sua sponte nor be applied without sufficient briefing. Therefore, whether the amendment is allowed will be determined under Rule 15(a)(2).

Rule 15(a)(2) prescribes that "[t]he court should freely grant leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "'This policy is to be applied with extreme liberality.'" <u>C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.</u>, 654 F.3d 975, 985 (9th Cir. 2011) (quoting <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir 2003)).

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Here, Plaintiff seeks leave to name Liberty Mutual as a Defendant and to add an ERISA claim and federal race and disability discrimination claims. Defendants oppose the proposed amendments, but do not argue their opposition under any <u>Foman</u> factor. Rather, Defendants' argument is that addition of Liberty Mutual as a Defendant and ERISA as a claim "is not in the interest of justice" since "the procedures for litigating [Plaintiff's proposed] ERISA claim [are] markedly different [than] those applicable to Plaintiff's existing

discrimination claims," and since "Liberty Mutual would only be a [D]efendant on the proposed ERISA claim," not on Plaintiff's other claims. (Defs.' Opp'n to Pl.'s Mot. for Leave to File First Am. Compl. ("Defs.' Opp'n"), ECF No. 19, 1:11, 3:22—23, 5:22.)

When evaluating arguments against granting leave to amend, "[n]ot all of the [Foman] factors merit equal weight." Eminence Capital, 316 F.3d at 1052. Instead, "it is the consideration of prejudice to the opposing party that carries the greatest weight. . . . Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.; Capistrano Unified Sch. Dist., 654 F.3d at 985 (same). Further, "[t]he party opposing amendment [under Rule 15] bears the burden of showing prejudice." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Defendants have not shown that they would be prejudiced by Plaintiff's proposed amendments. Accordingly, Plaintiff's Motion for Leave to File a First Amended Complaint is granted. Plaintiff has five (5) days leave from the date on which this Order is filed to file the First Amended Complaint attached to his motion.[1]

Dated:  August 1, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] The remainder of Defendants' arguments concerning "an expedited hearing schedule" and "severance and/or bifurcation of the ERISA claim" are premised on the court's granting of Plaintiff's motion. (Defs.' Opp'n 6:6—9.) However, these arguments have not been shown ripe for judicial consideration at this stage of the proceeding and are therefore denied.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28